EDGAR CARRANZA, ESQ.
Nevada Bar No. 5902
ASHLEY E. WALTERS, ESQ.
Nevada Bar No. 16338
MESSNER REEVES LLP
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89148
Telephone:   (702) 363-5100
Facsimile:    (702) 363-5101
E-mail: ecarranza@messner.com
*Attorneys for Defendants*
COSTCO WHOLESALE CORPORATION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRANDY IANNUZZI, an individual;<br><br>Plaintiffs,<br>vs.<br><br>COSTCO WHOLESALE CORPORATION; dba COSTCO WHOLESALE; and DOES I through X, inclusive; and ROE CORPORATIONS I through V inclusive,<br><br>Defendants. | CASE NO. 2:23-CV-00649-MMD-BNW |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Plaintiff, BRANDY IANNUZZI (hereinafter referred to as "Ms. Iannuzzi" and/or "Plaintiff), by and through counsel, Matthew W. Hoffmann, Esq. and Kathleen S. Villatoro, Esq. of the law firm Atkinson Watkins & Hoffman, LLP and Defendant COSTCO WHOLESALE CORPORATION (hereinafter referred to as "Costco") by and through counsel, Edgar Carranza, Esq. and Ashley Walters, Esq. of MESSNER REEVES, LLP, hereby stipulate as follows:

WHEREAS, Plaintiff seek discovery of confidential, proprietary and trade secret documents

and information from Costco regarding Costco's policies, practices and procedures ("Confidential Information");

WHEREAS, Costco requires protection against the unrestricted disclosure and use of such Confidential Information; and

WHEREAS, the parties agree that good cause exists for the entry of the foregoing Stipulated Confidentiality Agreement and Protective Order;

THEREFORE, the parties hereby stipulate and agreed that:

1. This Stipulated Confidentiality Agreement and Protective Order (hereinafter referred to as "Confidentiality Agreement") shall govern all Confidential Information revealed in the above-referenced lawsuit, whether the Confidential Information is contained in documents produced, FRCP 26 disclosures, responses to requests for production, answers to interrogatories, deposition testimony, and/or any other oral or written responses to discovery conducted in this matter, whether it is revealed by Costco or any other party or third-party.

2. A party shall designate and indicate that information is Confidential Information hereunder by producing a copy bearing a stamp or label signifying that it is "Confidential." In the case of testimony or any other oral information, it shall be sufficient for a party to state that the Confidential Information is confidential pursuant to this Agreement generally at the time such testimony or oral information is given or conveyed. Alternatively, a party may designate testimony as Confidential hereunder by marking the transcript containing Confidential Information with the word "Confidential" any time after the receipt of the final transcript of said testimony. In the event any party creates a computer database, disk, compact disk, drive, digital or other electronic record containing Confidential Information, the party creating such an electronic record shall mark the case or envelope containing the material with the word "Confidential." Documents printed from such

electronic media shall be marked the same as documents originally produced on paper and shall be accorded the same status of confidentiality as the underlying Confidential Information from which they are made and shall be subject to all of the terms of this Agreement.

3. Confidential Information obtained by or produced to any party shall be held in confidence and revealed only to the named parties in the above-captioned matter, counsel of record, paralegals and secretarial employees under counsels' direct supervision, the parties themselves for purposes of deposition, the Court and court staff, court reporters, and such persons as are employed by the parties or their counsel to act as experts, investigators or consultants in this case. All Confidential Information must be maintained in counsels' office, with the exception of documents and/or information provided to individuals employed to act as experts in this case. The parties shall take all steps reasonably necessary to see that no person shall use, disclose, copy or record Confidential Information for any purpose other than the preparation or conduct of this case.

4. All Confidential Information shall be used solely for the purpose of maintaining the present litigation, including any trials, appeals or retrials, and not for any other purpose(s) or any other litigation. Under no circumstances shall Confidential Information be disclosed to anyone other than the persons designated above, and the parties shall not disclose such Confidential Information to any undesignated person during or after the termination of this litigation. Moreover, no Confidential Information shall be disclosed to a competitor (direct or indirect) of Costco, whether for the purposes of this litigation or otherwise.

5. Before any Confidential Information is disseminated or disclosed to any of the above-designated persons, such person shall (a) read this Confidentiality Agreement in its entirety; and, (b) agree to all provisions of this Confidentiality Agreement.

6. All depositions, pleadings, reports, notes, lists, memoranda, indices, compilations,

electronically stored information, and records in which Confidential Information is discussed, documented or referred to shall themselves be deemed Confidential Information and shall be subject to this Agreement. Should a party use any Confidential Information in any pleading, motion or paper filed with the Court, that party shall, at the time of filing, request that the court impound and/or seal the specific portion of the pleading containing the Confidential Information.

7. Upon final termination of this litigation, each person subject to this Confidentiality Agreement shall return all Confidential Information to counsel for Costco within thirty (30) days after the final disposition of this matter. Documents that contain notations of counsel may be destroyed rather than returned, but it shall be the responsibility of counsel to ensure the documents are destroyed.

8. The disclosure of any Confidential Information by Costco shall not serve to waive any of the protections provided by this Confidentiality Agreement with respect to any other Confidential Information.

9. No person who has received Confidential Information shall seek to vacate or otherwise modify this Agreement at any time. This Agreement shall not be abrogated, modified, amended, or enlarged except by stipulation and agreement of the parties or by the Court with notice given to each of the parties.

10. Nothing in this Confidentiality Agreement shall restrict a party's right to object to the disclosure of documents or information otherwise objectionable, protected or privileged pursuant to the Federal Rules of Civil Procedure, applicable law, other than confidentiality, or to seek an agreement preventing disclosure or limiting the discovery of Confidential Information, or to seek an agreement preventing disclosure or limiting the discovery of information or material that is objectionable on other grounds, regardless of whether or not such material may also constitute

Confidential Information pursuant to this Confidentiality Agreement. This parties shall take reasonable steps necessary to have the Court enter an order consistent with the terms of this Confidentiality Agreement.

11. Nothing contained herein shall restrict the presentation of any evidence, including Confidential Information, to an arbitrator, panel of arbitrators, jury or the Court at trial. However, such presentation shall not constitute a waiver of any restrictions provided for in this Order and the parties agree to take reasonable steps to maintain the confidentiality of any Confidential Information at the arbitration hearing and/or trial of this matter in such a manner and until such time as the Court may direct and/or as the parties may otherwise agree. Before any such presentation of Confidential Information, the receiving party shall provide Costco with appropriate notice so that Costco may have the opportunity to lodge appropriate objections or seek the Court's direction to prevent disclosure of the Confidential Information and/or move for appropriate confidential treatment of the materials at trial.

12. The terms of this Confidentiality Agreement shall remain fully active until released by written consent of Costco. The Court shall retain jurisdiction over the parties, this Agreement, and recipients of confidential documents, materials, and/or information for the sole purpose of enforcing this Agreement and adjudicating claims of breaches thereof and administering damages and other remedies related thereto. The provisions of this Agreement shall continue to be binding as to the confidential documents, materials, and/or information produced pursuant to it.

. . . .

. . . .

. . . .

. . . .

13. This Stipulation and Order may be executed in one or more counterparts, and facsimile signatures are deemed to constitute originals for purposes of this Stipulation.

DATED this 15th day of June, 2023.          DATED this 15th day of June, 2023.

**MESSNER REEVES LLP**                       **Atkinson Watkins & Hoffman, LLP**

By: _____           By: _____
Edgar Carranza, Esq.                         Matthew W. Hoffmann, Esq.
Nevada Bar No. 5902                          Nevada Bar No. 9061
Ashley E. Walters, Esq.                      Kathleen S. Villatoro, Esq.
Nevada Bar No. 16338                         Nevada Bar No. 15829
8945 West Russell Road, Suite 300            10789 W. Twain Ave, Suite 100
Las Vegas, Nevada 89148                      Las Vegas, Nevada 89135
*Attorneys for Defendant*                    *Attorneys for Plaintiff*
COSTCO WHOLESALE CORPORATION                 BRANDY IANNUZZI

**IT IS SO ORDERED.**
DATED: June 16, 2023.

_____
United States Magistrate Judge

Page 6 of 6